14-4304-cr
United States v. Climico (Mendoza)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
DENNY CHIN,
            Circuit Judges.

- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                14-4304-cr

JUAN R. CLIMICO, aka Sealed Defendant, 1,
aka Manuel Climico, aka Juan Clinico, aka
Smiley, aka Juanito, MARCO CRUZ, aka Marco
Antonio Cruz Bello, aka Marcos Cruz, aka
Sealed Defendant, 2, aka Juan Bello, aka Freddo
Gomez, aka Burro, aka Mariguano, FIDEL

1

DEJESUS, aka Sealed Defendant, 3, aka
Duende, JORGE LEYVA, aka Sealed Defendant,
4, aka Cucha, JESUS MARTINEZ, aka Sealed
Defendant, 5, aka Gafas, aka Tito, RUBI
MARTINEZ, aka Sealed Defendant, 6,
ARTURO MEDINA-LOPEZ, aka Sealed
Defendant, 7, aka Arturo Medina, aka Marlboro,
YASMIN OSUNA, aka Sealed Defendant, 9, aka
La Mona, La Mono, MARCOS REYES, aka
Sealed Defendant, 10, aka Marco Reyes, aka
Cuervo, WILLIAM ROJAS, aka Sealed
Defendant, 11, aka Willy, LUISBI SANTOS, aka
Sealed Defendant, 12, aka Chorejas, aka
Dumbo, aka Lulu,

         **Defendants,**

RUDY MENDOZA, aka Sealed Defendant, 8, aka
Raul Perez, aka Pedro Mendoza,

         **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - -X

| FOR APPELLANT: | JEREMY GUTMAN, New York, New York. |
|---|---|
| FOR APPELLEE: | ANDREW THOMAS (Karl Metzner, on the brief), Assistant United States Attorneys, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, Ch.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court as to the 18 U.S.C. § 924(c)(1)(A)(i) conviction is **VACATED**, but the judgment as to the remaining counts of conviction is **AFFIRMED**, except as to sentence, which we **VACATE** and **REMAND** for resentencing on the remaining counts of conviction.

This case returns to us from the Supreme Court for reconsideration in light of <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). Rudy Mendoza appealed from the judgment of the United States District Court for the Southern District of New York (McMahon, <u>Ch.J.</u>), sentencing him principally to 300 months' imprisonment after conviction on five counts, including (1) participation in the "Vagos Gang" racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (2) participation in a Vagos Gang-related conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846; (3) participation in a conspiracy to commit Hobbs Act armed robbery of individuals believed to be in possession of 20 kilograms of cocaine, in violation of 18 U.S.C. § 1959; (4) use of a firearm in connection with the robbery conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) participation in a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, also in connection with the robbery conspiracy, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Relying on then-Circuit law, we affirmed Mendoza's conviction on all counts. <u>See</u> <u>United States v. Climico</u>, 754 F. App'x 25, 30-31 (2d Cir. 2018) (summary order), <u>vacated</u>, <u>sub nom.</u> <u>Mendoza v. United States</u>, 140 S. Ct. 105 (2019) (mem.).

We initially affirmed the 18 U.S.C. § 924(c) conviction for use of a firearm in connection with a "crime of violence" on the ground that Mendoza's conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence." <u>Id.</u> That is no longer tenable: "<u>Davis</u> precludes us from concluding . . . that . . . Hobbs Act robbery conspiracy . . . qualifies as a § 924(c) crime of violence." <u>United States v. Barrett</u>, 937 F.3d 126, 127 (2d Cir. 2019).

Accordingly, we **VACATE** Mendoza's judgment of conviction on the 18 U.S.C. § 924(c)(1)(A)(i) count in its entirety, but we **AFFIRM** the judgment of conviction on all other counts for the reasons stated in our October 29, 2018 summary order except as to sentence, which we **VACATE** and **REMAND** to

allow the District Court to consider anew the appropriate sentence for Mendoza's crimes in the absence of the consecutive five-year sentence mandated for his now-vacated § 924(c)(1)(A)(i) crime.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court